**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

**BRANDON AUMILLER,**

**Appellant**

**v.**

**UNITED STATES OF AMERICA,**

**Appellee**

ON APPEAL FROM A FINAL JUDGMENT OF CONVICTION OF THE
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
PENNSYLVANIA
(M.D.P.A. Case No. 1-22-cr-00417-001-JK)

APPELLANT'S OPENING BRIEF
AND APPENDIX - VOLUME I OF VI
(pgs. 0001-0033)

WILLIAM H. NEWMAN
Pennsylvania Bar No. 332886
33 Nassau Avenue, Second Fl
Brooklyn, New York 11222
(718) 218-3360
will@willnewmanlawyer.com

Attorney for Appellant,
Brandon Aumiller

# TABLE OF CONTENTS

Table of Authorities................................................................................................. iii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ...................................................................................................... 1

STATEMENT OF THE ISSUES FOR REVIEW...................................................... 1

STATEMENT OF RELATED CASES AND PROCEEDINGS ........................... 2

CONCISE STATEMENT OF THE CASE ............................................................. 2

    I.   Factual Background .................................................................................. 2

    II.  Procedural History ................................................................................... 3

    III.   Rulings Presented for Review with References to the Record ................... 5

SUMMARY OF THE ARGUMENT ....................................................................... 5

ARGUMENT ........................................................................................................ 7

    I.   Statute of Limitations ............................................................................. 7

        A.  Standard of Review................................................................................ 7

        B.  The District Court Erred in Denying Aumiller's First Motion to
            Dismiss the Indictment........................................................................ 7

    II.  Sufficiency of Evidence ......................................................................... 10

        A.  Standard of Review................................................................................ 10

        B.  The Record Lacks Sufficient Evidence that Aumiller Engaged in
            Tax Evasion After December 8, 2016. ..................................................... 11

III.   Form 433 Omission ............................................................... 16

    A.   Standard of Review............................................................... 16

    B.   It Was Plain Error to Allow Aumiller's Omission on a Form 433 to Be Submitted to the Jury as a Possible Affirmative Act of Evasion......... 16

    C.   This Error Affected Aumiller's Substantial Rights. ................................ 22

CONCLUSION .......................................................................... 23

CERTIFICATE OF COUNSEL, OF SERVICE, AND OF COMPLIANCE .........24

APPENDIX – VOLUME I OF IV (pgs. 0001-0033)

# TABLE OF AUTHORITIES

**Cases**

*Hesser v. United States,* 40 F.4th 1221 (11th Cir. 2022)...................................... 18

*Jackson v. Virginia*, 443 U.S. 307 (1979) ............................................... 11

*U.S. v. Bornman*, 559 F.3d 150 (3d Cir. 2009)........................................... 7

*U.S. v. Crandell*, 72 F.4th 110 (5th Cir. 2023) ................................... 21, 22

*U.S. v. Dobson*, 419 F.3d 231 (3d Cir. 2005) ...................................... 16

*U.S. v. Dragon*, 471 F.3d 501 (3d Cir. 2006) ...................................... 16

*U.S. v. Foster*, 891 F.3d 93 (3d Cir. 2018) ............................................ 22

*U.S. v. Kruckel*, No. 92-611(JBS),1993 U.S. Dist. LEXIS 20777
   (D.N.J. Aug. 13, 1993) ................................................................ 8, 11

*U.S. v. Levy*, 533 F.2d 969 (5th Cir. 1976)................................................ 19

*U.S. v. Mal*, 942 F.2d 682 (9th Cir. 1991)................................................. 19

*U.S. v. McGill*, 964 F.2d 222 (3d Cir. 1992) ........................... 8, 12, 14, 19

*U.S. v. McKee*, 506 F.3d 225 (3d Cir. 2007) ...................................... 10, 18

*U.S. v. Memmott,* 667 Fed. App'x 206 (9th Cir. 2016) ............................ 20

*U.S. v. Memmott,* No. CR-S-08-402 KJM, 2013 U.S. Dist. LEXIS
   118929 (E.D. Cal. Aug. 21, 2013)....................................................... 21

*U.S. v. Montanari,* 863 F. 3d 775 (8th Cir. 2016) .................................... 21

*U.S. v. Olano*, 507 U.S. 725 (1993).................................................... 16, 23

*U.S. v. Pieron*, No. 21-2899, 2022 U.S. App. LEXIS 24715 (6th Cir. Aug. 30, 2022)................................................................................. 21

*U.S. v. Pieron*, No. 18-CR-20489, 2020 U.S. Dist. LEXIS 235220 (E.D. Mich. Dec. 15, 2020) ........................................................... 21

*U.S. v. Voight*, 89 F.3d 1050 (3d Cir. 1996)........................................ 11

**Statutes**

18 U.S.C. § 1001 ................................................................................. 19

26 U.S.C. § 6531(2)............................................................................... 8

26 U.S.C. § 7201 ................................................................................. 17

26 U.S.C. § 7206 ................................................................................. 19

**Rules**

Fed. R. Crim. P. 52(b) ......................................................................... 16

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The United States District Court had subject matter jurisdiction here pursuant to 18 U.S.C. § 3231, which confers upon the district courts original jurisdiction over all offenses against the laws of the United States. This matter arises from an indictment alleging a federal criminal offense, two violations of 26 U.S.C. § 7201.

28 U.S.C. § 1291 confers appellate jurisdiction here upon the Court of Appeals for the Third Circuit.

Appellant Brandon Aumiller complied with Rule 4(b)(1) of the Federal Rules of Appellate Procedure by filing a timely Notice of Appeal on September 17, 2024. Appendix ("Appx.") at 1. The district court imposed his sentence on September 6, 2024. *Id.* This appeal arises from Aumiller's conviction on both counts of the relevant indictment.

## STATEMENT OF THE ISSUES FOR REVIEW

(1) Whether the original indictment and the superseding indictment should have been dismissed pursuant to the statute of limitations.

(2) Whether there was sufficient evidence that Aumiller engaged in an affirmative act of tax evasion after December 8, 2016.

(3) Whether Aumiller's omission on an IRS Form 433, despite his disclosure of more than enough assets and income to pay the taxes due, is an affirmative act of tax evasion as a matter of law.

1

**STATEMENT OF RELATED CASES AND PROCEEDINGS**

Undersigned counsel is not aware of any related cases or proceedings. This case has not been before this court previously.

**CONCISE STATEMENT OF THE CASE**

I.    Factual Background

Brandon Aumiller was an insurance salesman. He started his own business, Brandon Aumiller & Associates ("BA&A"). Appx. at 162:21-25.

Records of the Internal Revenue Service (the "IRS") show that Brandon Aumiller owed taxes for the tax years 2007 through 2011. Appx. at 605. IRS records also indicated that BA&A owed taxes for the fourth quarter of 2013 and the first two quarters of 2014. Appx. at 604.

Aumiller had a personal account and a business account at First National Bank (the "FNB Accounts"). He had also opened an account for his son at the same bank in 2001 (the "Junior Saver Account"), but he closed the account on July 23, 2015. Appx. at 513:3-15.

Aumiller opened a personal account and a business account at M&T Bank (the "M&T Accounts") on March 24, 2015. Appx. at 513:19-23.

An IRS employee contacted Aumiller in 2016 to discuss a potential resolution to his tax debt. She asked him to complete a type of IRS form (a "Form 433") to "help [the IRS] determine how much [Aumiller is] able to pay potentially on a

payment plan." Appx. at 149:9-150:13; 151:5-12. Aumiller signed two Forms 433 on December 12, 2016, one related to his personal finances and another related to the finances of BA&A. Appx. at 606, 616. Each Form 433 asked Aumiller to disclose his bank accounts and those of BA&A. Appx. at 608, Line 13; 618, Line 17. Aumiller disclosed the FNB Accounts, but not the M&T Accounts. *Id.*

On one Form 433, Aumiller disclosed his ownership interests in real estate. Appx. at 611-13. In particular, he disclosed that he owned three investment properties with $89,332.85 of equity, plus a primary residence with $49,908 in equity. *Id.* The Form 433 disclosed details about pending transactions related to each property. *Id.*

## II.     Procedural History

The United States filed a grand jury indictment of Aumiller on December 8, 2022. Appx. at 34. The indictment charged Aumiller with two counts of violating 26 U.S.C. § 7201. *Id.* It alleges that Aumiller evaded the payment of taxes he owed and that BA&A owed by doing three things:

(1) Using the Junior Saver Account to conceal assets;

(2) Using the M&T Accounts at a time the IRS was seeking to collect assets; and

(3) Structuring real estate transactions to "conceal the ownership of certain properties" so the IRS could not place liens on them.

*Id.*

3

The United States filed a superseding indictment on November 21, 2023, that alleged a fourth action Aumiller took constituting tax evasion: "structuring the payment and receipt of rental income . . . and other bills to conceal the amount of income received from rental properties." Appx. at 38-39.

Aumiller moved to dismiss the original indictment on May 18, 2023, arguing that the statute of limitations bars prosecution for the acts it identified (the "First Motion to Dismiss"). He moved to dismiss the superseding indictment on November 22, 2023 (the "Second Motion to Dismiss"). The trial court denied both motions. Appx. at 8, 12.

At trial, the United States presented evidence that Aumiller used the Junior Saver Account to hold assets in 2015. *See, e.g.*, Appx. at 125:8-126:10. It presented evidence that Aumiller used the M&T Accounts and failed to disclose them on Forms 433. *See, e.g.*, Appx. at 202:9-11. In particular, it highlighted two very large transactions in the M&T Accounts in 2015. Appx. at 218:5-11, 234:2-16, 513:19-514:11. The United States also presented evidence that the purchaser and seller of homes were unhappy with their transactions with Aumiller. *See, e.g.*, Appx. at 384:19-25.

Aumiller moved for a directed verdict at the conclusion of the prosecution's case, arguing that the United States did not establish an act of evasion that the statute

of limitations did not bar from prosecution.  Appx. at 466:15-22.  The court denied the motion.  Appx. at 480:2-5.

The trial court instructed the jury only to convict if the defendant took an act to evade taxes after December 8, 2016.  Appx. at 561:7-10.  The jury convicted Aumiller on both counts.  Appx. at 579:24-580:7.

III.    Rulings Presented for Review with References to the Record

This appeal presents for review the trial court's denial of Aumiller's motions to dismiss the indictment and superseding indictment and his motion for judgment of acquittal.  Appx. at 8, 9, 13, 28.

## SUMMARY OF THE ARGUMENT

Brandon Aumiller disclosed more than enough assets and cash to pay his taxes.  Instead of collecting the taxes due with the information Aumiller provided, the United States waited until after the expiration of the statute of limitations had expired for most of the affirmative acts it alleges to prosecute him for tax evasion. This Court should reverse.

The United States failed to present an affirmative act that can support Brandon Aumiller's conviction for tax evasion.  Nearly every act it alleged at trial took place more than six years before the grand jury returned the original indictment.

One key act, however, took place just days after the cutoff for the limitations period: Aumiller filed two forms in connection with the negotiation of a possible

compromise with the government. The forms disclosed the bulk of his assets and accounts, including an account whose deposits were more than sufficient to pay the taxes due. But the forms did not disclose two bank accounts, whose total deposits were nowhere near sufficient to pay the taxes due.

The trial court erred when it permitted the failure to disclose these accounts to constitute an affirmative act of evasion. The omission was not one of the acts identified in the indictment or the superseding indictment. The omission did not reflect a willful act of evasion since Aumiller simultaneously disclosed more than sufficient information to collect the taxes due. And an omission on the form does not constitute an act of evasion for the purpose of the tax evasion statute since the only record evidence about the form reflects that it concerns an offer of compromise, not the collection of taxes.

Neither of the two other acts the government contends took place within the limitations period can support conviction. This Court's precedent in *U.S. v. McGee* forecloses the first: Aumiller's use of the undisclosed accounts cannot be an affirmative act of evasion since the accounts were in his own name. The second also fails: Aumiller's structuring of real estate transactions cannot constitute evasion since he disclosed the details of the transactions and his personal interests in the relevant assets directly to the IRS.

# ARGUMENT

## I.  Statute of Limitations

### A. Standard of Review

This Court exercises "plenary review over whether counts of an indictment should have been dismissed for violating the statute of limitations." *U.S. v. Bornman*, 559 F.3d 150, 152 (3d Cir. 2009).

### B. The District Court Erred in Denying Aumiller's First Motion to Dismiss the Indictment

The District Court mischaracterized one of the alleged affirmative acts to fit the narrative of the United States's opposition papers, rather than evaluating it as alleged in the indictment, and completely ignores the timing of the other alleged acts. Appx. at 44.  The affirmative acts of evasion, as alleged in the indictment, are as follows:

> (1)  Using a bank account in the name of his son to conceal assets;
>
> (2)  Using a bank account that was not disclosed to the [IRS] while the [IRS] was attempting to collect . . . tax liabilities.
>
> (3)  Conducting real estate transactions to conceal the ownership of certain properties so that the [IRS] was unable to place liens against the properties.

Appx. at 34-36.  The indictment further alleges the acts took place "[f]rom in or around August 2014 through on or about December 12, 2016." *Id.*

The applicable statute of limitations bars prosecution of acts of tax evasion after more than six years.  26 U.S.C. § 6531(2).  Accordingly, "any acts of evasion which took place" before the applicable limitations period, "are not independently actionable."  *United States v. Kruckel*, No. 92-611(JBS), 1993 U.S. Dist. LEXIS 20777, *47 n.12 (D.N.J. Aug. 13, 1993).  Therefore "to prevail … the Government must prove its case by proof of one or more affirmative acts of tax evasion committed . . . within six years preceding . . . the date the grand jury returned the original Indictment."  *Id.*  Accordingly, the original indictment having been returned on December 8, 2022, any alleged acts which occurred prior to December 8, 2016, would be time-barred.

1.  M&T Bank Account(s)

Instead of evaluating the affirmative act, as alleged in the indictment, of using an undisclosed M&T bank account, the District Count instead considered whether Aumiller's purported failure "to disclose the existence of a bank account to the [IRS] while the IRS was attempting to collect back taxes from Aumiller and his business" occurred within the statute of limitations period.  Appx. at 31.

This Court has held that, to commit an "affirmative act" that constitutes tax evasion, it must be "done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency."  *United States v. McGill*, 964 F.2d 222, 230 (3d Cir. 1992).  For that reason, this Court held in *McGill* that the deposit

of funds into an account held in the defendant's own name could not constitute a sufficient affirmative act. *Id.* at 234.

Here, the United States alleges that Aumiller opened the undisclosed M&T bank account in or around 2015. Appx. at 47. The United States does not allege Aumiller opened this account under any name other than his own. *Id.* As such, use of the undisclosed M&T account in Aumiller's own name does not constitute an affirmative act of evasion. *United States v. McGill*, 964 F.2d 222, 234 (3d Cir. 1992).

### 2. The Junior Saver Account

Assuming the use of the Junior Saver Account constitutes an affirmative act of evasion, this act is time-barred. The United States alleges Aumiller transferred funds into the Junior Saver Account between August 21, 2014, and February 2016. Appx. at 45. Accordingly, the alleged use of the Junior Saver Account took place approximately ten months prior to the date the grand jury returned the indictment, December 8, 2016, and is barred by the statute of limitations.

### 3. Real Estate Transactions

The structuring of real estate transactions allegedly to conceal from the IRS the ownership of certain properties cannot form the basis of an affirmative act of evasion. The United States alleges that Aumiller entered into several of these structured transactions in 2015 and one in 2017. Appx. at 46. The transactions from

2015 are time-barred because they took place over a year before the applicable limitations period.

This Court has previously vacated a tax evasion conviction because "Defendants cannot be convicted on the basis of an affirmative act that is . . . not charged in the indictment." *United States v. McKee*, 506 F.3d 225, 231 (3d Cir. 2007). Since the indictment only alleges affirmative acts that took place "[f]rom in or around August 2014 through on or about December 12, 2016," the 2017 transaction was not charged as an affirmative act in the indictment and thus could not be used as a basis to convict Aumiller. Appx. at 34-35.

Without identifying the Form 433 in the indictment, the United States cannot rely on it as the affirmative act to prolong the statute of limitations from barring Aumiller's prosecution.

## II. Sufficiency of Evidence

### A. Standard of Review

This Court reviews sufficiency of evidence claims under a deferential standard. *U.S. v. Voight*, 89 F.3d 1050, 1080 (3d Cir. 1996). If a rational trier of fact "could have found the essential elements of the crime beyond a reasonable

doubt," then the jury verdict must be sustained. *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

B. The Record Lacks Sufficient Evidence that Aumiller Engaged in Tax Evasion After December 8, 2016.

None of the acts described at trial can form the basis for a tax evasion conviction. "[T]o prevail … the Government must prove its case by proof of one or more affirmative acts of tax evasion committed . . . within six years preceding . . . the date the grand jury returned the original Indictment." *Kruckel*, 1993 U.S. Dist. LEXIS 20777, at *47 n.12. The United States failed to do so here.

1. The Junior Saver Account

The Junior Saver Account cannot form the basis for Aumiller's tax evasion conviction because he stopped using it in July 2015. Appx. at 513:7-18. The government's own closing argument summarized the evidence, noting Aumiller closed the account in July 2015. *Id.* The six-year statute of limitations on any charge arising from its use expired in July 2021, but a grand jury did not indict Aumiller until December 2022. Appx. at 34.

2. Real Estate Transactions

Aumiller's real estate transactions also cannot form the basis for his tax evasion convictions because they took place on March 19, 2015. Appx. at 513:9-13. As with the Junior Saver Account, the government's own closing argument emphasized the relevant date. *Id.* The six-year statute of limitations on any charge

11

arising from the transactions expired in March 2021, but a grand jury did not indict Aumiller until December 2022. Appx. at 34.

Moreover, Aumiller disclosed his real estate interests when he submitted Forms 433-A and 433-B. Appx. at 611-12. Aumiller's disclosure in December 2016 of his previous real estate interests, including those derived from the 2015 structured transactions, means that the 2017 transaction could not have been "done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency." *McGill*, 964 F.2d at 230.

### 3. Form 433

Even if a false statement on a Form 433 could form the basis for a tax evasion charge, it does not do so here. This Court has held that, to constitute an "affirmative act" that constitutes tax evasion, it must be "done to mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency." *McGill*, 964 F.2d at 230. For that reason, this Court held that the deposit of funds into an account held in the defendant's own name could not constitute a sufficient affirmative act. *Id.* at 234. Similarly, when a taxpayer openly discloses sufficient assets for the payment of his tax deficiency, there is no evasion.

Here, Aumiller disclosed sufficient assets for the government to have levied the taxes due. Aumiller disclosed $129,753.47 in assets, including his ownership of $43,000 in equity in a real estate investment. *See* Appx. at 611-13. The assets he

disclosed were almost enough to pay all the taxes he owed at the time, a total of $158,064.83. *See* Appx. at 624-25.

Aumiller also disclosed two bank accounts at First National Bank. Appx. at 608, Line 13; 618, Line 17. Those accounts received $439,083.17 in deposits in the relevant time period. Appx. at 831-1011, 1836-2069. This discloses more than enough for the government to have levied the taxes due.

Aumiller's failure to disclose the M&T Accounts cannot constitute an affirmative act because it cannot, as a matter of law, have been done to avoid payment of a deficiency. *McGill*, 964 F.2d at 230. Moreover, the balance of the accounts was insignificant compared to the assets he disclosed. At the time of his December 2016 disclosure, the M&T Accounts together held $1,291.40. *See* Appx. at 2129, 2262. Aumiller's failure to disclose less than one percent of his total assets did not avoid the payment of taxes because he had already disclosed sufficient assets for the government to collect the taxes due, and the additional amount he failed to disclose would not have made a material difference in the government's effort to collect the taxes due.

### 4. M&T Bank Deposits

Aumiller's use of M&T Bank accounts also cannot form the basis for his tax evasion convictions because he opened the account on March 24, 2015. Appx. at 513:20-21. The government's closing argument mentioned the date. *Id.* The six-

year statute of limitations on any charge arising from opening the accounts expired in March 2021, but a grand jury did not indict Aumiller until December 2022. Appx. at 34.

The government highlighted two large deposits in the account in its closing arguments, suggesting the jury should consider Aumiller's use of the account for the deposits in its decision. Appx. at 513:19-514:11. But those deposits took place on March 24, 2015, and February 1, 2016, and so charges arising from them became time-barred more than ten months before a grand jury indicted Aumiller. *Id.*; Appx. at 34, 2204, 2230.

Aumiller's transactions with the account after December 2016 also fail to serve as the basis for the convictions because none could "mislead the government or conceal funds to avoid payment of an admitted and accurate deficiency." *McGill*, 964 F.2d at 230. This is true for two reasons.

First, just as in *McGill*, the M&T Accounts were in Aumiller's own name, so they did not conceal the true owner of the assets or make the imposition of a levy impossible. *Id.* at 233.

And second, the amounts Aumiller deposited in the M&T Accounts in the relevant time period were not material to the government's efforts to collect taxes he owed. After December 8, 2016, Aumiller deposited $35,886.45 into the M&T Accounts, far less than the taxes he owed. Appx. at 2129-2203, 2262-2310, 624,

14

625. But in the same time period, Aumiller deposited $439,083.17 into the accounts he disclosed, well more than the amount of taxes he owed and that the United States could have levied. Appx. at 831-1011, 1836-2069, 624, 625. His use of the M&T Accounts shielded less than 6% of his total deposits and less than 5% of his assets, of which he already disclosed more than enough to pay the taxes due.

Aumiller's use of the M&T Accounts could not have concealed or avoided payment of the taxes due. He did not deposit in the M&T Accounts an amount anywhere close to the taxes due, while at the same time he did disclose more than sufficient assets to pay the taxes due. Just as this Court held in *McGill* concerning a defendant's use of an undisclosed account in the taxpayer's own name, the use of the M&T Accounts cannot be a sufficient affirmative act to sustain a conviction.

### 5. Rent and Mortgage Payments

Aumiller's receipt of rent payments and his direction that a third party make mortgage payments cannot form the basis of his tax evasion conviction. This is because Aumiller expressly disclosed his payments and the payments of others to the IRS in a Form 433. *See* Appx. at 611-13. While it is possible that structuring transactions in a way to avoid detection could conceal assets from collection by the IRS, once Aumiller disclosed the real estate transactions and identified the specific people paying rent and mortgages, there is no concealment. Indeed, the United

15

States presented no evidence of how Aumiller's financial arrangements made it any more difficult for the government to collect taxes due.

III.    Form 433 Omission

   A. Standard of Review

Where the defendant does not raise a particular issue or objection before the trial court, this Court reviews the claim for "plain error." *See* Fed. R. Crim. P. 52(b); *U.S. v. Dragon*, 471 F.3d 501, 505 (3d Cir. 2006); *U.S. v. Dobson*, 419 F.3d 231, 236 (3d Cir. 2005). Under the plain error standard, the Court "must find: (1) an error; (2) that is plain; and (3) that affected substantial rights." *Dragon*, 471 F.3d at 505 (citing *U.S. v. Olano*, 507 U.S. 725, 733-35 (1993)).

   B. It Was Plain Error to Allow Aumiller's Omission on a Form 433 to Be Submitted to the Jury as a Possible Affirmative Act of Evasion.

The government's case relies principally upon Aumiller's omission of the M&T Accounts in Forms 433. Without the omission, *McGill* squarely precludes an evasion charge based on Aumiller's use of the M&T Accounts. The government alleges no other act after December 8, 2016, besides the use of M&T Accounts and the structure of real estate transactions, discussed *supra* at Section I(B)(1) and (3) and II(B)(2) and (4), and so the statute of limitations bars any other possible affirmative act.

But even if the statute of limitations did not time-bar this prosecution, the omission could not be the basis for the tax evasion charge against Aumiller for two reasons.

First, the indictment did not assert the omission as a basis for the charge. Appx. at 34, 37.

And second, the record shows that Form 433 is a form the IRS uses to collect information for use in preparing an offer in compromise, not to collect taxes due. It solicits statements in contemplation of a possible settlement. Accordingly, while a false statement on a Form 433 could possibly constitute a false statement pursuant to other legal prohibitions, it does not constitute the evasion of taxes pursuant to 26 U.S.C. § 7201.

>1. The Grand Jury Did Not Indict Aumiller for Omissions on a Form 433

As discussed *supra* at Section I(B)(3), "Defendants cannot be convicted on the basis of an affirmative act that is . . . not charged in the indictment." *McKee*, 506 F.3d at 231. And courts reverse tax evasion charges when none of the affirmative acts identified in the indictment support the charge. *See, e.g., Hesser v. United States,* 40 F.4th 1221, 1227 (11th Cir. 2022).

Here, the indictment did not identify omissions on a Form 433 as an affirmative act to sustain the tax evasion charge. The original indictment identifies exactly three categories of affirmative acts: (1) use of the Junior Saver Account, (2)

use of the M&T Accounts, and (3) 2015 real estate transactions.  Appx. at 34-36.

The superseding indictment added a fourth: structuring the receipt of rental income.

Appx. at 37-40.

Without identifying the Form 433 in the indictment, the United States cannot

rely on it as the affirmative act to prolong the statute of limitations from barring

Aumiller's prosecution.

2.  Form 433 Is Not Used for Assessment and So False
    Statements on It Do Not Per Se Evade Payment

A false statement on a Form 433 could constitute tax evasion, but not always.

This is because the record here reflects the Form 433 itself is not a tax collection

document, but instead one intended to contemplate a settlement between the IRS and

a taxpayer.  Accordingly, a false statement on the form alone is outside the scope of

26 U.S.C. § 7201.

Most tax evasion charges arise from false statements a taxpayer makes in the

assessment of taxes due.  *See McGill*, 964 F.2d at 230.  But the indictment here does

not arise from an assessment, and Form 433 does not involve the assessment of taxes

due.

In "rare" cases, the government charges defendants for "evasion of payment,"

alleging they engaged in "conduct designed to place assets beyond the government's

reach…"  *Id.* (citing *U.S. v. Mal*, 942 F.2d 682, 687 (9th Cir. 1991)).  Those cases

involve an "affirmative act" designed to make a levy difficult or impossible, such as

by transacting in currency or doing business in other people's names.  *See McGill*, 964 F.2d at 230.

The purpose of a Form 433, however, is not to enable the government to collect or levy assets.  At trial, a government witness explained that its purpose is to "help [the IRS] determine how much [Aumiller is] able to pay potentially on a payment plan."  Appx. at 149:9-150:13; 151:5-12.  No testimony suggested that the form determines the amount of taxes due or that the IRS uses it to determine where to place levies.  And in *U.S. v. Levy*, the court distinguished Form 433 from documents used in the formal assessment of taxes.  533 F.2d 969 (5th Cir. 1976).  Because the purpose of the Form 433 is to contemplate a settlement, a smaller amount the taxpayer can afford as part of the government's compromise of the debt, it does not necessarily impact the government's ability or effort to collect the taxes due.  An omission, therefore, is not a per se affirmative act to evade taxes.

True, the omission is a false statement, and the law need not countenance false statements.  But other statutes address false statements made to the government.  *See, e.g.,* 26 U.S.C. § 7206 (prohibiting false statements in a tax return); 18 U.S.C. § 1001 (prohibiting false statements made to agents of the United States).  The United States therefore does not need to use the tax evasion statute to prosecute false statements that may already violate other laws.

There is no on-point precedent in this Circuit deciding an omission on a Form 433 to be the basis for a tax evasion charge. To be sure, courts in other circuits have held an omission on a Form 433 to be a basis for a tax evasion charge. But most have not addressed the argument that the Form 433 is not a document related to the assessment or payment of taxes or explained why a false statement on a Form 433 constitutes tax evasion.

For example, the Ninth Circuit in *U.S. v. Memmott* decided that a false statement in a Form 433 was sufficient to sustain a tax evasion charge. 667 Fed. App'x 206, 207 (9th Cir. 2016). But the court did not explain why. The issue was not even preserved for appeal, as the trial court did not discuss whether the Form 433 was used to collect taxes, rather than evaluate a compromise. *See U.S. v. Memmott,* No. CR-S-08-402 KJM, 2013 U.S. Dist. LEXIS 118929, *58-62 (E.D. Cal. Aug. 21, 2013). The same is true in *U.S. v. Pieron*, where the court did not address the claim that a Form 433 is not a tax collection document rather than one considering a compromise. No. 21-2899, 2022 U.S. App. LEXIS 24715, *7-8 (6th Cir. Aug. 30, 2022). Nor did the defendant raise the argument about the purpose of the Form 433 before the trial court. *See U.S. v. Pieron*, No. 18-CR-20489, 2020 U.S. Dist. LEXIS 235220, *17-19 (E.D. Mich. Dec. 15, 2020).

In *U.S. v. Montanari*, the defendant did not challenge whether his false Form 433 was an act of evasion. 863 F. 3d 775, 780-81 (8th Cir. 2016). Still, the court

held that the false statements were evasion by "discouraging further scrutiny." *Id.* at 781. But no evidence in the record here supports the assumption that statements in the Form 433 had that effect or that the truth would have prompted the IRS to have acted any differently. To the contrary, the record reflects that Aumiller disclosed substantial real estate holdings and bank accounts that received hundreds of thousands of dollars in deposits, and the IRS failed to collect any of those assets. *See* Appx. at 606-23. Nothing suggests Aumiller's failure to disclose a comparatively small amount of additional assets prevented the IRS from action.

The most substantive discussion of the issue comes from the Fifth Circuit in *U.S. v. Crandell*. 72 F.4th 110 (5th Cir. 2023). The *Crandell* court held that an omission could be used to reduce the payments due on a tax debt and therefore evade full payment. *Id.* at 114. This Court should not apply the *Crandell* holding here for two reasons. First, an omission has the potential to reduce the amount of a settlement, not the payment of tax due. The former is an assessment of an amount distinct from the tax due. And second, the facts in *Crandell* are distinguishable from the case at bar. In that case, the defendant dramatically understated his income by as much as two thirds and omitted approximately $90,000 in assets. *Id.* at 112. The court did not mention any assets belonging to the defendant, disclosed or otherwise, approaching his nearly million-dollar tax debt. *Id.* On those facts, the court reasoned that the defendant's misstatements enabled him to "string along" the IRS, delaying

payment indefinitely. *Id.* at 114. Here, however, Aumiller disclosed sufficient assets to collect the taxes due, and so the record does not indicate that Aumiller's omission delayed IRS enforcement or that the disclosure of the M&T Accounts would have hastened payment.

C. This Error Affected Aumiller's Substantial Rights.

Whether an error affected an appellant's substantial rights "typically means that there is a reasonable probability that the error affected the outcome of the proceedings." *U.S. v. Foster*, 891 F.3d 93, 113 n.15 (3d Cir. 2018). Without Aumiller's omission on the Form 433, there would have been no affirmative acts after December 8, 2016, to prolong the statute of limitations from barring Aumiller's prosecution. If no affirmative acts of evasion took place after December 8, 2016, then the District Court should have entered a judgment of acquittal in Aumiller's favor. Its failure to do so enabled his criminal conviction, which affected Aumiller's substantial rights because it changed the outcome of his case from the acquittal the court should have issued. *See Olano*, 507 U.S. at 734.

# CONCLUSION

For the foregoing reasons, Appellant Brandon Aumiller respectfully requests

this Court vacate his convictions and, if necessary, remand this matter for a new trial.


Dated: Brooklyn, New York
       December 5, 2025

Respectfully submitted,

William H. Newman
Pennsylvania Bar No. 332886
Tara Q. Higgins
33 Nassau Avenue, Second Floor
Brooklyn, New York 11222
Phone: (718) 218-3360
Email: will@willnewmanlawyer.com
        tara@willnewmanlawyer.com

# CERTIFICATE OF COUNSEL, OF SERVICE, AND OF COMPLIANCE

William H. Newman, Esquire hereby certifies as follows:

1. I am an attorney at law, and I am admitted to practice before the United States Court of Appeals for The Third Circuit.
2. I caused an electronic copy of the Brief and Appendix to be filed today, December 5, 2025. Seven copies of the Brief and four copies of the Appendix will also be delivered within five days by the U.S. Postal Service.
3. I also caused a copy of the Brief and Appendix to be served today, December 5, 2025, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system upon:

Elissa R. Hart-Mahan, Esq.
United States Department of Justice
Tax Division Northern Criminal
150 M Street NE Washington, DC 20002
202-305-7397
elissa.r.hart@usdoj.gov

Geoffrey W. MacArthur, Esq.
Office of United States Attorney
240 W Third Street Suite 316
Williamsport, PA 17701
(570) 601-8485
geoffrey.macarthur@usdoj.gov

4. The text of the electronic brief is identical to that in the paper copies.
5. The brief was scanned with Avast Antivirus, and no virus was detected.
6. The brief, which is fewer than thirty pages long, complies with the type-volume limitations contained in the Federal Rules of Appellate Procedure Rule 32(a)(7)(B)(i). The word count on the Microsoft Word word-processing system used to prepare the brief states that the brief contains 5,058 words, which does not exceed the Rule's 13,000-word limit.

7. The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Times New Roman size 14, a proportionally spaced typeface in Microsoft Word. It uses plain roman style font except for titles, case names, and emphasis.

The foregoing is true and correct to the best of my knowledge and information. I am aware that if any of the foregoing is willfully false, I am subject to sanctions.

Dated: Brooklyn, New York
December 5, 2025

Respectfully submitted,

_____

William H. Newman

# TABLE OF CONTENTS

**VOLUME I** (bound in brief)

Notice of Appeal......................................................................................0001

Order denying Motion to Dismiss dated August 16, 2023 ...............................0008

Order denying Motion to Dismiss dated March 6, 2024..................................0009

Order denying Rule 29(a) Motion, Partial Transcript of Proceedings
      dated April 10, 2024........................................................................0013

Judgment of Conviction dated September 5, 2024 ..........................................0021

Memorandum of Decision denying Motion to Dismiss
      dated August 16, 2023....................................................................0028

**VOLUME II**

Original Indictment dated December 8, 2022 ................................................0034

Superseding Indictment dated November 21, 2023 ........................................0037

USA's Opposition to Motion to Dismiss dated June 1, 2023 ...........................0041

USA's Opposition to Motion to Dismiss dated January 5, 2024.......................0054

Transcript of Proceedings dated April 8, 2024...............................................0075

Transcript of Proceedings dated April 9, 2024...............................................0225

Transcript of Proceedings dated April 10, 2024.............................................0397

**VOLUME III**

Transcript of Proceedings dated April 11, 2024 ............................................0503

Government Exhibit 4-18 – Summary of BA&A Employment Tax
      History 2012.Q1 to 2017.Q1..........................................................0604

Government Exhibit 4-19 – Summary of Brandon Aumiller Income
      Tax History 2007 to 2022...............................................................0605

Government Exhibit 4-13 – Form 433A for Brandon Aumiller
     dated December 12, 2016......................................................................0606

Government Exhibit 4-14 - Form 433B for BA&A
     dated December 12, 2016......................................................................0616

Government Exhibit 4-16 – Summary of Brandon Aumiller's Income
     Tax Returns for 2007, 2009, 2010, & 2011.........................................0624

Government Exhibit 4-17 – Summary of BA&A's Employment Tax
     Returns for 2013.Q4, 2014.Q1, & 2014.Q2.........................................0625

Government Exhibit 2-11 – Brandon Aumiller's First National Bank
     x7601 Account Statements...................................................................0626

**VOLUME IV**

Government Exhibit 2-7 – BA&A's First National Bank x0505
     Account Statements [Part 1 of 2] ........................................................1012

**VOLUME V**

Government Exhibit 2-7 – BA&A's First National Bank x0505
     Account Statements [Part 2 of 2] ........................................................1536

**VOLUME VI**

Government Exhibit 3-5 - Brandon Aumiller's M&T Bank x6179
     Account Statements..............................................................................2070

Government Exhibit 3-6 - BA&A's M&T Bank x6270
     Account Statements..............................................................................2204

District Court Docket, 22-cr-00417.................................................................2311

**FILED**
HARRISBURG, PA

SEP 17 2024

PER _____
DEPUTY CLERK

## In the United States District Court for the Middle District of Pennsylvania

UNITED STATES OF AMERICA,
*Plaintiff,*

v.                                                           Case No. 1:22-CR-417

Brandon L. Aumiller,
*Defendant*

---

### Brandon Aumiller's Notice of Appeal

Notice is hereby given that the above-named Defendant hereby appeals

to the United States Court of Appeals for the Third Circuit from the judgment

of conviction and sentence imposed on September 6, 2024.

Respectfully submitted,

/s/

BRANDON AUMILLER, PRO SE
7 S MAIN ST, APT 1
MILROY, PA 17063
(717)994-7864
BRANDONA0326@HOTMAIL.COM

**Appx 0001**

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September 2024, a true copy of the foregoing was served via First Class United States Mail upon Assistant United States Attorney Geoffrey W MacArthur, 240 W. 3rd Street Suite 316, Williamsport, PA 17701.

/s/ _____
BRANDON AUMILLER, PRO SE

2

**Appx 0002**

UNITED STATES OF AMERICA

v.

BRANDON L. AUMILLER,
      Appellant

**STANDING ORDER REGARDING MOTIONS TO EXCEED THE PAGE LIMITATIONS OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

**Effective Immediately**

**PRESENT**:  McKEE, **Chief Judge**, and SLOVITER, SCIRICA, RENDELL, AMBRO, FUENTES, SMITH, FISHER, CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR, VANASKIE, ALDISERT, WEIS, GARTH, STAPLETON, GREENBERG, COWEN, NYGAARD, ROTH, BARRY, and VAN ANTWERPEN, **Circuit Judges**

    **AND NOW**, it being noted that motions to exceed the page/word limitations for briefs are filed in approximately twenty-five percent of cases on appeal, and that seventy-one percent of those motions seek to exceed the page/word limitations by more than twenty percent;

    Notice is hereby given that motions to exceed the page or word limitations for briefs are strongly disfavored and will be granted only upon demonstration of extraordinary circumstances.  Such circumstances  may include multi-appellant consolidated appeals in which the appellee seeks to file a single responsive brief or complex/consolidated proceedings in which the parties are seeking to file jointly or the subject matter clearly requires expansion of the page or word limitations.

    Accordingly, it is **ORDERED** that a three-judge Standing Motions Panel is hereby appointed to rule on all motions to exceed the page/word limitations for briefs since the page/word limitations, prescribed by Fed. R. App. P. 32(a)(7), should be sufficient to address all issues in an appeal.

     It is further **ORDERED** that Counsel are advised to seek advance approval of requests to exceed the page/word limitations whenever possible or run the risk of rewriting and refiling a compliant brief.  Any request to exceed page/word limitations submitted in the absence of such an advance request shall include an explanation of why counsel could not have foreseen any difficulty in complying with the limitations in time to seek advance approval from the panel.

    This order shall not apply to capital habeas cases.

                                            By the Court,

                                            /s/ Theodore A. McKee
                                            Chief Judge

Date: January 9, 2012

**Appx 0004**

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov

September 26, 2024

TELEPHONE
215-597-2995

Brandon L. Aumiller
7 S Main Street
Apt 1
Milroy, PA 17063

Dennis E. Boyle
1050 Connecticut Avenue NW
Suite 500
Washington, DC 20036

Blerina Jasari
Whiteford Taylor & Preston
1800 M Street NW
Suite 450N
Washington, DC 20036

RE: USA v. Brandon Aumiller
Case Number: 24-2742
District Court Case Number: 1-22-cr-00417-001

**PACER account holders are required to promptly inform the PACER Service Center of any contact information changes. In order to not delay providing notice to attorneys or pro se public filers, your information, including address, phone number and/or email address, may have been updated in the Third Circuit database. Changes at the local level will not be reflected at PACER. Public filers are encouraged to review their information on file with PACER and update if necessary.**

To All Parties:

**Attorneys are required to file all documents electronically through the Court's Electronic Case Filing System. See 3d Cir. L.A.R. 113 and the Court's website at www.ca3.uscourts.gov/cmecf-case-managementelectronic-case-files.**

**Appx 0005**

Enclosed please find case opening information regarding the above-captioned appeal by **Brandon L. Aumiller** docketed at No. **24-2742**. All inquiries should be directed to your Case Manager in writing or by calling the Clerk's Office at 215-597-2995. This Court's rules, forms, and case information are available on our website at http://www.ca3.uscourts.gov.

**APPELLANT REQUEST FOR APPOINTMENT OF COUNSEL:**

If you are without funds to pay the fees and/or to retain counsel and wish this Court to appoint counsel under the Criminal Justice Act, it will be necessary for you to complete in full the enclosed Financial Affidavit Form. The form must be received by this office by **10/10/2024**.

It is the responsibility of an appellant to file this form if he/she cannot afford to pay the filing fees or to retain counsel. **Appellant is cautioned:** If you do not file the Financial Affidavit or you do not pay the fees and have retained counsel, the appeal may be dismissed.

After the form is completed in full, return it to this office, at which time it will be treated as your motion for appointment of counsel under the Criminal Justice Act. Two additional copies of the affidavit are enclosed. Send one completed copy to the appropriate U.S. Attorney. Advise this office in writing that you have made proper service. You may keep the remaining copy for your files.

If Appellee has any objection to the motion, Appellee must respond promptly.

If counsel is appointed, it is the policy of this Court to appoint counsel who represented Appellant at the trial in the court below. See 3rd Cir. LAR Misc. 109.1.

**COUNSEL FOR APPELLEE** As Counsel for Appellee(s), you must file:
1. Appearance Form
This form must be filed on or before **10/10/2024**.

Attached is a copy of the full caption in this matter as it is titled in the district court. Please review this caption carefully and promptly advise this office in writing of any discrepancies.

Very Truly Yours,

s/ Patricia S. Dodszuweit
Clerk

By: s/ James King
Case Manager
Direct Dial: 267-299-4958

cc:    Matthew L. Cofer
Geoffrey W. MacArthur

**Appx 0006**

Enclosures:
Financial Affidavit [CJA23 - 3 Forms]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:22-CR-417 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| BRANDON L. AUMILLER, | : | |
| | : | |
| Defendant | : | |

### **ORDER**

AND NOW, this 16th day of August, 2023, upon consideration of defendant's motion (Doc. 26) to dismiss the indictment as barred by the statute of limitations, and the parties' respective briefs in support of and in opposition thereto, and for the reasons set forth in the accompanying memorandum of today's date, it is hereby ORDERED that the motion (Doc. 26) to dismiss the indictment is DENIED without prejudice to defendant's right to raise a statute of limitations defense at trial if pertinent.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

**Appx 0008**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION NO. 1:22-CR-417** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **BRANDON L. AUMILLER,** | : | |
| | : | |
| **Defendant** | : | |

**<u>ORDER</u>**

AND NOW, this 6th day of March, 2024, upon consideration of defendant Brandon L. Aumiller's motion (Doc. 44) to dismiss the superseding indictment under Federal Rule of Criminal Procedure 48(b)(1), and brief (Doc. 48) in support thereof, wherein he argues that the government unnecessarily delayed presenting the charges to a grand jury and attaining the superseding indictment for "improper reasons," *i.e.*, to "circumvent the issue of the statute of limitations," (see id. at 5-7), and that both counts, as amended, "expand[] the time of the alleged offense from 'August 2014 through on or about December 12, 2016' to 'August 2014 through the time of his superseding indictment', expanding the time frame of the alleged offense by <u>more than seven (7) years</u>," thereby causing him prejudice, (see id. at 2-5), and further upon consideration of the government's brief (Doc. 58) in opposition, wherein the government responds that it may secure a superseding indictment at any time before trial, (see id. at 14-15 (citing, *inter alia*, <u>United States v. Trahan</u>, 333 F. App'x 818, 819 (5th Cir. 2009) (citing <u>United States v. Millet</u>, 559 F.2d 253, 257-58 (5th Cir. 1977)); <u>United States v. Begay</u>, 602 F.3d 1150, 1154 (10th Cir. 2010)), even if doing so "also has the effect of countering Aumiller's statute of limitations defense,"

**Appx 0009**

(see id. at 16), that the government did not delay obtaining the superseding indictment, but rather realized in preparing for trial that Aumiller engaged in a pattern of additional allegedly evasive acts between 2014 and November 2023 that reinforce the original charges on which he was indicted, (see id. at 15), that "the locus of Aumiller's criminal conduct remains in the period between August 2014 and the end of 2016, as alleged in the original indictment," (see id. at 15-16), that the "universe of discovery [has not] been materially expanded," (see id. at 17), and that Aumiller has suffered no prejudice given that the government agreed to his request for a bill of particulars and grand jury transcripts, the amount of additional discovery produced is not voluminous, and the court has granted his motions (Docs. 45, 61) to continue trial in light of the superseding indictment, (see id. at 17-19; see also Docs. 53, 65); and Aumiller's reply thereto, (see Doc. 66), wherein he asserts that the government was aware of the newly alleged "acts of evasion" before June 1, 2023, when it invoked them in its opposition to his motion to dismiss, (see id. at 2-3), and that he has suffered prejudice because the run-up to trial "has been a life-altering and traumatizing period in [his] life," (see id. at 4), and the court noting that Rule 48(b) is both "a vehicle for enforcing a defendant's speedy trial right" and "a restatement of the court's inherent power to dismiss a case simply for want of prosecution," see United States v. Dreyer, 533 F.2d 112, 113 n.1 (3d Cir. 1976) (citing 3 C. WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 814, at 309 (1969)), and further noting that a court may exercise such authority "only when it is necessary to address improper conduct and ensure respect for the proceedings," see United States v. Wright, 913 F.3d 364, 371 (3d Cir. 2019), and the court observing that the

**Appx 0010**

government obtained the superseding indictment within 100 days of our ruling on

Aumiller's previous motion to dismiss the original indictment, (see Docs. 37-39),[1]

and the court finding that the government's decision to await our resolution of

Aumiller's motion before deciding whether to obtain a superseding indictment—

strategic or not—is not *per se* indicative of improper conduct or a lack of respect for

these proceedings, and the court further finding that Aumiller has not been

prejudiced by that delay,[2] and the court therefore declining to exercise its

discretionary authority under Rule 48, see Government of Virgin Islands v. Lee, 775

F.2d 514, 526 (3d Cir. 1985) ("A Rule 48(b) dismissal may be reversed only upon a

---

[1] Aumiller argues that "there has been a delay of almost one year," (see Doc. 48 at 5), starting from the date of the original indictment through the date of the superseding indictment, (see id. at 4).  We observe, however, that it would be improper to attribute substantial portions of that time period solely to the government when, among other things, Aumiller requested and received multiple continuances, (see Docs. 20, 21, 25, 28), and the court considered and adjudicated the merits of his prior motion to dismiss, (see Docs. 26, 37, 38).

[2] We recognize that prejudice under Rule 48 is not limited to the impact of delays on the accused's legal defense, (see Doc. 48 at 4 (citing Moore v. Arizona, 414 U.S. 25, 26-27 (1973)), but also encompass "any threat to . . . 'an accused's significant stakes—psychological, physical, and financial—in the prompt termination of a proceeding which may ultimately deprive him of life, liberty, or property," (see id. (quoting Dreyer, 533 F.2d at 115)).  Yet Aumiller fails to articulate the psychological, physical, or financial consequences of the delay he challenges.  (See id. at 5).  We also granted his request for a continuance in light of the superseding indictment, (see Doc. 65), and the government filed a bill of particulars and readily disclosed the transcripts from the most recent grand jury proceeding, (see Doc. 59), thereby giving Aumiller sufficient time to prepare for trial on the government's "modest[ly] revis[ed]" case, (see Doc. 58 at 16).  Finally, we reiterate that Aumiller may raise any and all arguments regarding affirmative acts and the statutes of limitations at trial. (See Docs. 37, 38).  For these reasons, Aumiller's ability to mount a defense has not been compromised by any purported delays, intentional or otherwise.

Appx 0011

showing that the district court abused its discretion.") (citation omitted)), it is

hereby ORDERED that Aumiller's motion (Doc. 44) to dismiss is DENIED.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

**Appx 0012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CASE NO. |
| v. | : 1:22-CR-0417 |
| | : |
| | : |
| BRANDON L. AUMILLER | : (Judge Conner) |

TRANSCRIPT OF PROCEEDINGS
JURY TRIAL - DAY 3 (Pages 320-424)
(EXCLUDING JURY CHARGE CONFERENCE)

Held before the HONORABLE CHRISTOPHER C. CONNER
April 10, 2024, commencing at 9:00 a.m., Courtroom Number 7A
Sylvia H. Rambo United States Courthouse, Harrisburg, PA

APPEARANCES:

GEOFFREY W. MACARTHUR, ESQUIRE
U.S. Attorney's Office
240 W. 3rd Street, Suite 316
Williamsport, PA 17703
    For the United States

MATTHEW LEE COFER, ESQUIRE
U.S. Department of Justice
Tax Division, Northern Criminal Enforcement Section
150 M St. NE
Washington, DC 20002
    For the United States

DENNIS E. BOYLE, ESQUIRE
BLERINA JASARI, ESQUIRE
Boyle & Jasari LLP
1050 Connecticut Ave, Suite 500
Washington, DC  20036
    For the Defendant

    Proceedings recorded by machine shorthand; transcript
produced by computer-aided transcription.

_____
Wendy C. Yinger, RMR, CRR
Federal Official Court Reporter
wendy_yinger@pamd.uscourts.gov

and that's Mr. Aumiller, and the tax issues continue. So this isn't a one-off thing where Mr. Aumiller was involved in a horrific and tragic car accident and things went off track for a while, it's continued.

So I'll stop unless the government -- excuse me, unless Your Honor would like me to continue.

THE COURT: Mr. Boyle, anything further?

MR. BOYLE: No, Your Honor. We would ask the Court just to review the *McGill* case. It's really what is concealment as opposed to an intent element. And when property is concealed in somebody's own name, we believe the Court instructs us that it's not actually a concealment at all.

THE COURT: All right. We'll take a look at the *McGill* case. We'll take a short recess. I'll be back to you folks in about 15 minutes. All right. We're in recess until then.

*(Whereupon, a recess was taken at 11:27 a.m. and proceedings reconvened at 11:47 a.m. without the jury.)*

THE COURT: The defendant, Brandon Aumiller, has moved for judgment of acquittal pursuant to Rule 29(a) on Counts 1 and 2 of the superseding indictment. Under Rule 29(a), at the close of the government's case, the Court, on the defendant's motion, must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a

conviction.

As Mr. Cofer noted, when reviewing this motion, I must consider all evidence in the light most favorable to the government and draw all reasonable inferences in its favor. A judgment of acquittal is appropriate only when, and I quote, no reasonable juror could accept the evidence as sufficient to support the defendant's guilt beyond a reasonable doubt, end quote. And I refer counsel to *United States v. Fattah*, 914 F.3d 112, page 183, and *United States v. Willis*, 844 F.3d 155, page 164. And the Court must enter a judgment of acquittal under Rule 29(a) if the evidence is insufficient to sustain a conviction.

Count 1 of the superseding indictment charges the defendant with tax evasion with respect to his personal income taxes for the calendar years 2007, 2009 through 2011. Count 2 charges the defendant with tax evasion with respect to employment taxes owed by Brandon Aumiller and Associates, his business, for three quarters between the end of 2013 and the first half of 2014.

The elements for both counts are the same. The government must prove each of the following three elements beyond a reasonable doubt: First, that Mr. Aumiller had a substantial tax deficiency; second, that Mr. Aumiller made an affirmative attempt to evade or defeat the payment of the relevant tax; and, third, that Mr. Aumiller acted willfully.

The government has presented bank statements, records from the Internal Revenue Service, and the testimony of revenue officers to demonstrate that Mr. Aumiller had a substantial tax deficiency with respect to his personal income tax for the calendar years in question and that he had a substantial tax deficiency with respect to employment taxes owed by Brandon Aumiller and Associates for the fourth quarter of fiscal year 2013 and the first and second quarters of fiscal year 2014. The government also presented charts summarizing this information.

The government presented evidence that Mr. Aumiller took various affirmative acts to evade and defeat payment of these taxes. Specifically, the government offered testimony and exhibits that demonstrate how Mr. Aumiller transferred funds to and from a junior savings account of which the IRS was not immediately aware.

Through its examination of Ms. Donahue and Mr. Frankhouser, the government demonstrated that Mr. Aumiller conducted real estate transactions in an effort to conceal ownership of certain properties from the IRS and to avoid liens. For example, Mr. Frankhouser and Mrs. Donahue explained that the purchase agreements were structured so that title of certain properties would not be in Mr. Aumiller's name.

Additionally, the government has set forth evidence that Mr. Aumiller filed false forms with the IRS, namely, forms

433-A and 433-B, which did not disclose bank accounts that Mr. Aumiller maintained at M&T Bank.

Finally, the government has presented evidence that Mr. Aumiller acted willfully. For example, his former employee, Jennifer Seilhamer, testified that Mr. Aumiller distributed his assets in a particular manner because he was unsure if the IRS had placed levies on it.

Additionally, through the testimony of several former employees as well as photos on social media, the government established that Mr. Aumiller took personal vacations abroad and purchased a car. These actions could indicate to a reasonable juror that Mr. Aumiller had the ability to pay his outstanding tax liabilities and intentionally chose not to.

The government also presented the testimony of Stephanie Babb, formerly Stephanie Naylor, regarding her communications with Mr. Aumiller about the state of his finances and the finances of his business. Ms. Babb explained that she made several attempts to educate Mr. Aumiller about his responsibilities under the federal tax code and that he continued to be noncompliant with her advice and instructions. These actions include commingling business and personal expenses, failing to provide details about income and expenses from rental properties, and paying in cash to avoid detection from the IRS.

A reasonable juror could conclude from Ms. Babb's

account that Mr. Aumiller took actions in December 2016 and onward in full knowledge of their improper nature, thus establishing willfulness.

Moreover, as this Court recognized in our order dated April 5, 2024, in cases involving allegations of tax evasion, past records are admissible to prove willfulness circumstantially. Such records are admitted in this case. I direct the parties to *United States v. Daraio*, that's D-A-R-A-I-O, 445 F.3d 253, a 2006 decision from our Court of Appeals.

I have taken a look at the *McGill* decision. It's a lengthy decision. It is factually distinguishable in many respects that I need not get into, but let me just describe the main difference is that in our case, we have Forms 433-A and 433-B signed by Mr. Aumiller under oath or penalties of perjury that detail his assets, but do not disclose the M&T Bank accounts and fail to disclose certain other assets.

So I think the difference in the defense perspective on *McGill* that simply depositing funds into an account in your own name does not constitute an affirmative act of evasion is very distinguishable in our case. We had the very affirmative act of evasion by filing a false Form 433-A and 433-B.

Considering the government's case in toto, the jury could conclude that the defendant willfully attempted to evade and defeat substantial income tax he owed personally as well as

**Appx 0018**

substantial employment tax owed by his business, Brandon Aumiller and Associates. The government has proffered sufficient evidence to support such a conclusion; therefore, Mr. Aumiller's motion for judgment of acquittal with respect to Counts 1 and 2 is denied.

Are there any other matters that counsel wish me to address before proceeding to defense counsel's case-in-chief?

MR. BOYLE: Nothing from defense, Your Honor.

THE COURT: All right. And are your witnesses present?

MR. BOYLE: Our witnesses are present. Ms. Jasari will be handling the defense case.

THE COURT: All right. Ms. Jasari, I'll ask you to call -- I am going to again describe the burden of proof issue for the benefit of the defense.

Mr. MacArthur, anything that you would like me to address?

MR. MacARTHUR: I don't know who the witnesses are. We may have -- we may wish some Court guidance depending on if one of the witnesses is Donna Keller.

MR. BOYLE: Ms. Keller will not be called as a witness.

MR. MacARTHUR: One moment, Your Honor. *(Pause)* Just to prophylactically be safe, still regarding Donna Keller, I appreciate that she's not a witness. The government believes

0

CERTIFICATION

*I, Wendy C. Yinger, Federal Official Realtime Court Reporter, in and for the United States District Court for the Middle District of Pennsylvania, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.*

*/s/ Wendy C. Yinger*
*Wendy C. Yinger, RMR, CRR*
*U.S. Official Court Reporter*
*Wendy_Yinger@pamd.uscourts.gov*

*(The foregoing of this transcript does not apply to any reproduction of the same by any means unless under the direct control and/or supervision of the certifying reporter.)*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | § | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| | § | |
| v. | § | |
| | § | Case Number: **1:22-CR-00417-CCC(1)** |
| **BRANDON L. AUMILLER** | § | USM Number: **37075-510** |
| | § | **Dennis E. Boyle, Esq.** |
| | § | Defendant's Attorney |

## THE DEFENDANT:

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☐ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☒ | was found guilty on count(s) after a plea of not guilty | **1 and 2 of the Superseding Indictment** |

The defendant is adjudicated guilty of these offenses:

| Title & Section / Nature of Offense | Offense Ended | Count |
|---|---|---|
| 26:7201 Tax Evasion | 11/21/2023 | 1 |
| 26:7201 Tax Evasion | 11/21/2023 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s)

☐    Count(s) ☐ is   ☐ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 5, 2024**
Date of Imposition of Judgment

/s/ Christopher C. Conner
Signature of Judge

**CHRISTOPHER C. CONNER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 6, 2024**
Date

**Appx 0021**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                                    Judgment -- Page 2 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Twenty-Four (24) Months – This term consists of 24 months on each of Counts 1 and 2, to be served concurrently.**

☒   The court makes the following recommendations to the Bureau of Prisons:

**That the defendant be incarcerated at the camp at Lewisburg**

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐   at                              ☐   a.m.    ☐   p.m.    on

☐   as notified by the United States Marshal.

☒   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒   before 2 p.m. on 10/10/2024
☐   as notified by the United States Marshal.
☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.


UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

**Appx 0022**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                    Judgment -- Page 3 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

**Three (3) Years on each of Counts 1 and 2, to be served concurrently.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)

4.  ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)

5.  ☒ You must cooperate in the collection of DNA. (*check if applicable*)

6.  ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)

7.  ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

   You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**Appx 0023**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                                    Judgment -- Page 4 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.
14. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____     Date _____


**Appx 0024**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                    Judgment -- Page 5 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant must cooperate in the collection of a DNA sample.

2. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. He must not attempt to obstruct or tamper with the testing methods.

3. The defendant must participate in a substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise his participation in the program (provider, location, modality, duration, intensity, etc.) which could include an evaluation and completion of any recommended treatment.

4. The defendant must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program (provider, location, modality, duration, intensity, etc.) which could include an evaluation and completion of any recommended treatment. The defendant must take all mental health medications that are prescribed by his treating physician.

5. The defendant shall make restitution in the amount of $180,363, payable to the Clerk, U.S. District Court, for disbursement to the Internal Revenue Service. Payment of interest is waived. The defendant shall satisfy the restitution due in monthly installments of no less than $500, to commence thirty days after release from confinement.

6. The defendant must apply all monies received from income tax refunds, lottery winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

7. The defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

8. The defendant must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

9. The defendant must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. The defendant must also notify the Court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

**Appx 0025**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                                    Judgment -- Page 6 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $180,363.00 | $.00 | $.00 | |

☐   The determination of restitution is deferred until        An *Amended Judgment in a Criminal Case (AO245C)* will be entered
       after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

       If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment.  However, pursuant to 18 U.S.C.
       § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $180,363 to:

       DEPARTMENT OF TREASURY

☐   Restitution amount ordered pursuant to plea agreement $

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before
       the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of
       payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:
       ☒   the interest requirement is waived for the      ☐   fine          ☒   restitution
       ☐   the interest requirement for the             ☐   fine          ☐   restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after
September 13, 1994, but before April 23, 1996.

**Appx 0026**

AO 245B (Rev. PAM  9/19) Judgment in a Criminal Case                                    Judgment -- Page 7 of 7

DEFENDANT:          BRANDON L. AUMILLER
CASE NUMBER:        1:22-CR-00417-CCC(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payments of $ **180,563.00** due immediately, balance due

    ☐   not later than _____ , or

    ☒   in accordance       ☐   C,       ☐   D,       ☐   E, or       ☒   F below; or

**B**   ☐   Payment to begin immediately (may be combined with       ☐   C,       ☐   D, or       ☐   F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment;
       or

**D**   ☐   Payment in equal 20 *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from
       imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release
       from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that
       time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:
       **The defendant shall satisfy the restitution due in monthly installments of no less than $500, to
       commence thirty days after release from confinement.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
    See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and
    Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**Appx 0027**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :     CRIMINAL NO. 1:22-CR-417

                 :

     v.                    :     (Judge Conner)

                 :

BRANDON L. AUMILLER,        :

                 :

      Defendant         :

## MEMORANDUM

Defendant Brandon L. Aumiller moves the court to dismiss the indictment against him as barred by the statute of limitations. We will deny the motion.

### I.     Factual Background & Procedural History

A federal grand jury indicted Aumiller on December 8, 2022, on two counts of tax evasion in violation of 26 U.S.C. § 7201. Count 1 of the indictment alleges Aumiller willfully attempted to evade payment of his personal income taxes related to the years 2007, 2009, 2010, and 2011. Count 2 alleges Aumiller willfully attempted to evade payment of employment taxes owed by his business, Brandon Aumiller & Associates ("BA&A") for the fourth quarter of 2013 and first and second quarters of 2014. The indictment alleges the conduct related to both counts took place roughly between August 2014 and December 12, 2016. Aumiller subsequently filed the instant motion to dismiss. The motion is fully briefed and ripe for disposition.

### II.     Legal Standard

A defendant may move to dismiss a criminal indictment at any time before trial. See FED. R. CRIM. P. 12(b)(3). In considering a motion to dismiss, we must accept as true all the factual allegations averred in the indictment. See United

**Appx 0028**

States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (citing United States v. Besmajian, 910 F.2d 1153, 1154 (3d Cir. 1990)).  A motion alleging failure to state an offense under Rule 12(b)(3)(B)(v) tests only the government's allegations, not its proof.  See United States v. Huet, 665 F.3d 588, 594-95 (3d Cir. 2012), abrogated on other grounds by Rehaif v. United States, 588 U.S. ___, 139 S. Ct. 2191 (2019).  Accordingly, we must limit our inquiry solely to "the facts alleged within the four corners of the indictment."  See United States v. Vitillo, 490 F.3d 314, 320-21 (3d Cir. 2007).  We will only dismiss an indicted offense if there is no reasonable construction of the facts alleged that would, if proven, allow a jury to find the defendant committed the charged crime.  See Huet, 665 F.3d at 595-96 (citations omitted); Vitillo, 490 F.3d at 324 (citation omitted).

## III.   Discussion

The statute of limitations for willfully attempting to evade the payment of taxes is six years.  See 26 U.S.C. § 6531(2).  Our court of appeals allows for multiple years of tax evasion to be grouped together when they represent a continuous course of conduct.  See United States v. Root, 585 F.3d 145, 150-51, 153 (3d Cir. 2009) (citing United States v. Pollen, 978 F.2d 78 (3d Cir. 1992)).  Accordingly, the parties agree in the matter *sub judice* that the six-year statute of limitations runs from Aumiller's last affirmative act of evasion charged in the indictment.  (See Doc. 31 at 8-9; Doc. 34 at 3).  The Supreme Court of the United States defines affirmative acts of evasion as "any conduct, the likely effect of which would be to mislead or to conceal."  See Spies v. United States, 317 U.S. 492, 499 (1943); accord United States

v. McGill, 964 F.2d 222, 230 (3d Cir. 1992), as amended (May 19, 1992), as amended (June 24, 1992).

The government bears the ultimate burden of proving at trial Aumiller was indicted within the limitations period.  See United States v. Lazo-Rodriguez, 569 F. App'x 103, 105-06 (3d Cir. 2014) (nonprecedential) (citing Smith v. United States, 568 U.S. 106, 113 (2013); United States v. Hankin, 607 F.2d 611, 612 (3d Cir. 1979)). Nevertheless, when a crime took place is typically a question for a jury, see United States v. Oliva, 46 F.3d 320, 324-25 (3d Cir. 1995) (citation omitted), and courts typically only dismiss charges on statute of limitations grounds when the defect is clear on the face of the indictment, see, e.g., United States v. Schueg, No. 1:14-CR-70, 2015 WL 5311435, at *2 (M.D. Pa. Sept. 11, 2015) (citation omitted); United States v. Richards, c, 1103-04 (D.N.J. 1996) (citing United States v. Levine, 658 F.2d 113, 121 (3d Cir. 1981)) (declining to dismiss because "it appears that the indictment alleges a continuing violation" and timeliness determination "cannot be made until the evidence is presented at trial"); see also Levine, 658 F.2d at 121 ("[T]he exact dates of continuing violations, conspiracies, or statutory tolling . . . can often be properly evaluated only after development of the evidence at trial enables an accurate assessment of timeliness.").  When the statute of limitations does not obviously bar the charges, courts generally leave resolution of this question of fact until the time of trial.  See Schueg, 2015 WL 5311435, at *2; Richards, 925 F. Supp. at 1103-04; United States v. Weigand, No. 5:17-CR-556, 2021 WL 1424728, at *3 (E.D. Pa. Apr. 15, 2021) (quoting Schueg, 2015 WL 5311435, at *2); see also Levine, 658 F.2d at 121.

**Appx 0030**

The indictment alleges Aumiller engaged in three affirmative acts of evasion supporting Counts 1 and 2: (1) concealing assets using a bank account in his son's name, (2) failing to disclose the existence of a bank account to the Internal Revenue Service ("IRS") while the IRS was attempting to collect back taxes from Aumiller and his business, and (3) structuring certain real estate transactions to conceal his ownership of the properties in question.  (See Doc. 1).  According to the indictment, Aumiller's alleged criminal conduct took place "[f]rom in or around August 2014 through on or about December 12, 2016."  (See id.)

Aumiller disputes whether failing to report a bank account on a form submitted to the IRS can constitute an affirmative act of evasion, (see Doc. 34 at 4), and depending on the facts adduced at trial, he may be correct, see McGill, 964 F.2d at 233 (Section 7201 does not create affirmative duty to disclose bank accounts to IRS "unless a taxpayer is in the situation of giving voluntary admissions during an investigation or a forced response to a subpoena")).  But other acts upon which the indictment relies—concealing bank accounts and real estate in the name of a family member—are affirmative acts of evasion.  See Spies, 317 U.S. at 499 ("[W]e would think affirmative willful attempt may be inferred from conduct such as . . . concealment of assets or covering up sources of income."); McGill, 964 F.2d at 230 ("Affirmative acts of evasion of payment include . . . placing assets in the name of

4

others." (emphasis omitted)).[1]  We find the indictment can fairly be read to allege any or all of the averred affirmative acts took place on or after December 8, 2016, as this date falls within or reasonably near the alleged timeframe for Aumiller's criminal conduct.  See Vitillo, 490 F.3d at 324.  Should the government prove this construction of the facts at trial, a jury could find Aumiller guilty of the charges in the indictment.  See Huet, 665 F.3d at 595-96.  The government must prove at trial Aumiller engaged in at least one affirmative act which took place on or after December 8, 2016, but the charges are not barred on their face by the statute of limitations.  Hence, dismissal of the indictment is inappropriate.

---

[1] The government proffers that at least one of Aumiller's allegedly evasive real estate transaction took place in February 2017.  (See Doc. 31 at 6).  Aumiller insists this event, along with another event which purportedly took place in 2017, cannot satisfy the statute of limitations because it took place outside the timeframe alleged in the indictment.  (See Doc. 34 at 4).  This dispute is not within the scope of the present motion because it relates to allegations outside of the indictment.  See Vitillo, 490 F.3d at 320-21.  Nevertheless, we note our court of appeals holds a grand jury's use of purposefully vague language like "on or about" allows the government to support the charged crimes by proving conduct which took place outside of but "reasonably near" the dates alleged in an indictment.  See Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010) (citations omitted); see also United States v. Carey, 72 F.4th 521, 529 (3d Cir. 2023) (citing Real, F.3d at 308).  Our court of appeals has found a difference of one month to be sufficiently near, see Real, 600 F.3d at 308, but a gap of five or six months is not, see Carey, 72 F.4th at 529.  At least two other circuits hold gaps as large as four months are constitutionally permissible.  See United States v. Barsanti, 943 F.2d 428, 438 (4th Cir. 1991); United States v. Knowlton, 993 F.3d 354, 359 (5th Cir. 2021) (collecting cases).

Appx 0032

**IV.    Conclusion**

We will deny Aumiller's motion (Doc. 26) to dismiss the charges against him as barred by the statute of limitations without prejudice to Aumiller's right to raise a statute of limitations defense at trial if pertinent.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    August 16, 2023

**Appx 0033**